| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LEE ) | |
| ) | |
| KEMMERY GABRIEL ANDREWS, ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| ) | 2012-CP - 31 - 201 |
| vs. ) | |
| ) | |
| LEE COUNTY LANDFILL SC, LLC; REPUBLIC ) | |
| SERVICES OF SOUTH CAROLINA, LLC, ;REPUBLIC ) | |
| SERVICES, INC.; and MAURICIO CORNEJO, ) | |
| Defendant(s) ) | |

Submitted By: Stephen J. Wukela
Address: Wukela Law Firm
PO Box 13057
Florence, SC 29504

SC Bar #: 68351
Telephone #: 843-669-5634
Fax #: 843-669-5150
Other:
E-mail: stephen@wukelalaw.com

FILED AUG 2012 JAMES I. DAVIS Lee County, S.C. C.C.C.P. & G.S.

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

Certified as a True Copy — Clerk, Court of Common Pleas and General Sessions, Lee County, South Carolina

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☒ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: /s/ Stephen J. Wukela, Attorney for Plaintiff    Date: August 17, 2012

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (04/2012)                                                                                           Page 1 of 2

**FOR MANDATED ADR COUNTIES ONLY**

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

## You are required to take the following action(s):

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF LEE ) | IN THE COURT OF COMMON PLEAS <br> THIRD JUDICIAL CIRCUIT <br> Civil Action No. 2012-CP- |
| KEMMERY GABRIEL ANDREWS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LEE COUNTY LANDFILL SC, LLC; ) <br> REPUBLIC SERVICES OF SOUTH ) <br> CAROLINA, LLC; REPUBLIC ) <br> SERVICES, INC.; AND MAURICIO ) <br> CORNEJO, ) <br> ) <br> Defendants. ) | SUMMONS FOR RELIEF <br> COMPLAINT SERVED <br> (JURY TRIAL DEMANDED) |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is hereby served upon you, and to serve a copy of your answer to the said Complaint on the subscribers at their offices at PO Box 13057, Florence, S.C. within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

WUKELA LAW FIRM<br>
BY: _____<br>
STEPHEN J. WUKELA<br>
ATTORNEY FOR PLAINTIFF<br>
PO BOX 13057<br>
FLORENCE SC 29504<br>
843-669-5634

DATED: August ___, 2012

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | THIRD JUDICIAL CIRCUIT |
| COUNTY OF LEE ) | Civil Action No. 2012-CP- |
| ) | |
| KEMMERY GABRIEL ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT |
| vs. ) | (JURY TRIAL DEMANDED) |
| ) | |
| LEE COUNTY LANDFILL SC, LLC; ) | |
| REPUBLIC SERVICES OF SOUTH ) | |
| CAROLINA, LLC; REPUBLIC ) | |
| SERVICES, INC.; AND MAURICIO ) | |
| CORNEJO, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff, Kemmery Gabriel Andrews, by and through his undersigned counsel, hereby makes the following claims and allegations:

## JURISDICTION:

1. That the Plaintiff is a citizen and a resident of the County of Darlington, State of South Carolina.

2. That the Plaintiff is informed and believes that the Defendant, Lee County Landfill SC, LLC, is an LLC, organized and doing business in the State of South Carolina.

3. That the Plaintiff is informed and believes that the Defendant, Republic Services of South Carolina, LLC, is an LLC, organized and doing business in the State of South Carolina.

4. That the Plaintiff is informed and believes that the Defendant, Republic Services Inc., is a corporation, organized and doing business in the State of South Carolina.

5. That the Plaintiff is informed and believes that the Defendant, Mauricio Cornejo, is a citizen and a resident of the County of Lee, State of South Carolina.

6. That venue is properly laid in this Court pursuant to §15-7-30 <u>South Carolina Code of Laws Annotated</u> [Law. Co-op. 1976].

## FACTS:

7. That on February 1, 2010, the Plaintiff, who was employed by Darlington County, was the operator of a tractor-trailer truck owned by Darlington County.

8. That Plaintiff is informed and believes that Defendant, Lee County Landfill, LLC, was the owner and operator of a landfill located in Lee County, South Carolina, (hereinafter "Landfill").

9. That Plaintiff is informed and believes that Defendant, Republic Services, Inc., directs and controls the management and operation of the Lee County Landfill, including the work of Defendant, Mauricio Cornejo, directly and through their subsidiaries, Republic Services of South Carolina, LLC, and Lee County Landfill of SC, LLC.

10. That Plaintiff is informed and believes that on February 1, 2010, the Defendant, Mauricio Cornejo, was an employee of the Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc., and was the operator of a bulldozer owned by Lee County Landfill SC, LLC.

11. That on or about February 1, 2010, the Plaintiff was leaving the dumping area of the Landfill and his truck became stuck in mud. That at that time and place, a bulldozer (hereinafter "Bulldozer 1") backed up in front of Plaintiff's vehicle, and Plaintiff stood between his truck and Bulldozer 1 while attaching a chain from his truck to Bulldozer 1. Suddenly and without warning, a second bulldozer (hereinafter "Bulldozer 2") operated by an employee of Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc., whom Plaintiff believes to be Defendant Mauricio Cornejo, pushed

2

Plaintiff's truck from behind, crushing Plaintiff between his truck and Bulldozer 1 and further causing Plaintiff injuries and damages as hereinafter set out.

## FOR A FIRST CAUSE OF ACTION
### AS AGAINST DEFENDANTS, LEE COUNTY LANDFILL SC, LLC; REPUBLIC SERVICES OF SOUTH CAROLINA, LLC; AND REPUBLIC SERVICES, INC.
### (RESPONDEAT SUPERIOR)

12. That paragraphs one (1) through eleven (11) are incorporated by reference as if repeated herein verbatim.

13. That at all relevant times the operator of Bulldozer 2 was an employee, servant, and/or agent of Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc., acting within the course and scope of his employment and his tortious conduct was imputable to Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc., under the Doctrine of respondeat superior.

14. That Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc., are liable for the acts and omissions of their employees.

15. That the conduct of the operator of Bulldozer 2 amounted to negligence, carelessness, recklessness, gross negligence, and willful and wanton conduct in the following particulars, to-wit:

    (a)    Failing to exercise the degree of caution a reasonable or prudent person would have used under the circumstances then and there existing;

    (b)    Failing to keep a proper lookout for the Plaintiff;

    (c)    Failure to follow safety procedures related to the operator of a bulldozer;

    (d)    Failing to maintain proper control;

(e) Failing to maintain adequate brakes on the bulldozer he was driving, or if the vehicle had adequate brakes, in failing to apply the same;

(f) Failing to maintain an adequate steering mechanism on the bulldozer he was driving, or if the vehicle had an adequate steering mechanism, in failing to properly utilize the same;

(g) Failing to warn the Plaintiff of the impending danger.

All of the above being in violation of the statute and case law of the State of South Carolina.

16. That as a direct and proximate result of Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc., direct and imputed negligence, carelessness, recklessness, gross negligence, and willful and wanton conduct, the Plaintiff was crushed between the tractor-trailer and the bulldozer and has suffered injuries and damages as hereinafter set out.

**FOR A SECOND CAUSE OF ACTION
AS AGAINST DEFENDANTS,
LEE COUNTY LANDFILL SC, LLC; REPUBLIC SERVICES OF
SOUTH CAROLINA, LLC; AND REPUBLIC SERVICES, INC.
(NEGLIGENCE, NEGLIGENT TRAINING AND SUPERVISION,
CARELESSNESS, RECKLESSNESS)**

17. That paragraphs one (1) through sixteen (16) are incorporated by reference as if repeated herein verbatim.

18. That Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc., owed a duty to the Plaintiff, and to any reasonably foreseeable patron of the Landfill, to supervise and train its employees to insure they would conduct themselves in such a way as to avoid creating a dangerous hazard to any person who may enter the Landfill.

19. That Plaintiff was a foreseeable user of the Landfill, in that he was an employee of Darlington County with whom the Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc., had a contract for waste disposal.

20. That the Plaintiff had a reasonable right to rely on the belief that the Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc.'s, safety procedures would be followed so as not to present a dangerous hazard to the foreseeable patron.

21. That the Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc., created a trap and a dangerous hazard to patrons of the Landfill.

22. That Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc.'s, actions, and failures to act, amount to negligence, carelessness, recklessness, gross negligence, and willful and wanton conduct in the following particulars, to-wit:

   (a) Failing to maintain a safe roadway for entry into and exit from the Landfill;

   (b) Failing to properly train and supervise employees in the procedures in place for removal of vehicles from mud;

   (c) Failing to maintain adequate brakes on Bulldozer 2, or if the vehicle had adequate brakes, in failing to properly train the employee to operate same;

   (d) Failing to maintain an adequate steering mechanism on Bulldozer 2, or if the vehicle had an adequate steering mechanism, in failing to properly train the employee to operate same;

   (e) Failing to properly warn the Plaintiff of the impending danger.

All of the above being in violation of the statute and case law of the State of South Carolina.

23. That as a direct and proximate result of Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc.'s, direct and imputed negligence, carelessness, recklessness, gross negligence, and willful and wanton conduct, the Plaintiff was crushed between the tractor-trailer and the bulldozer and suffered injuries and damages as hereinafter set out.

### FOR A THIRD CAUSE OF ACTION
### AS AGAINST DEFENDANT, MAURICIO CORNEJO
### (NEGLIGENCE AND GROSS NEGLIGENCE, CARELESSNESS, RECKLESSNESS, GROSS RECKLESSNESS)

24. That paragraphs one (1) through twenty-three (23) are incorporated by reference as if repeated herein verbatim.

25. That at all relevant times Defendant, Mauricio Cornejo, was the operator of Bulldozer 2.

26. That Defendant, Mauricio Cornejo's, actions, and failures to act, amount to negligence, carelessness, recklessness, gross negligence, and willful and wanton conduct in the following particulars, to-wit:

(a) Failing to exercise the degree of caution a reasonable or prudent person would have used under the circumstances then and there existing;

(b) Failing to keep a proper lookout for the Plaintiff;

(c) Failure to follow safety procedures related to the operator of a bulldozer;

(d) Failing to maintain proper control;

(e)  Failing to maintain adequate brakes on the bulldozer he was driving, or if the vehicle had adequate brakes, in failing to apply the same;

(f)  Failing to maintain an adequate steering mechanism on the bulldozer he was driving, or if the vehicle had an adequate steering mechanism, in failing to properly utilize the same;

(g)  Failing to warn the Plaintiff of the impending danger.

All of the above being in violation of the statute and case law of the State of South Carolina.

27.  That as a direct and proximate result of Defendant, Maurio Cornejo's, negligence, carelessness, recklessness, gross negligence, and willful and wanton conduct, the Plaintiff was crushed between the tractor-trailer and the bulldozer and has suffered injuries and damages as hereinafter set out.

## DAMAGES:

28.  That as a direct and proximate result of the above set out acts and omissions of the Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; Republic Services, Inc.; and Mauricio Cornejo, Plaintiff was damaged in the following particulars:

(a)  Actual and Consequential damages, to-wit:

(1)  impairment and disability, past and future, including total and permanent disability and financial loss, including lost earnings in excess of 600,000.00 Dollars;

(2)  medical costs, past and future; including air lifting to Palmetto Richland Memorial Hospital, months of hospitalization, the cost of 11 surgeries to date on the Plaintiff's bilateral lower extremities, including numerous wound debridements, and wound

7

        VACing, excision of necrotic skin, fat, and fascia, skin grafts to both lower extremities, insertion of a uniplaner spanning external fixation of the left knee and open repairs of the left knee ligament, tendon transfers, and inferior vena cavogram with insertion of a Bard retrieval vena caval filter, rehabilitation costs, caretaker costs, past and future, all totalling in excess of 1.7 Million Dollars;

(3) pain, suffering, embarrassment, anguish, anxiety, and lost self-esteem, including the physical pain of the event itself, and the associated surgeries and rehabilitation, as well as psychological harm and post-traumatic stress disorder that followed;

(4) disfigurement, past and future.

29. That, in addition, the Plaintiff is informed and believes that he is entitled to an award of punitive damages in an amount to be determined by a jury.

**WHEREFORE**, the Plaintiff prays judgment for actual, consequential, and punitive damages against the Defendants, Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; Republic Services, Inc.; and Mauricio Cornejo, in an amount to be determined by a jury.

WUKELA LAW FIRM

BY: _____
STEPHEN J. WUKELA
ATTORNEY FOR PLAINTIFF
PO BOX 13057
FLORENCE SC 29504
843-669-5634

Florence, South Carolina
August ___, 2012

8